UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GENESIS SPECIALTY TILE & ACCESSORIES, LLC; ELEFTHERIOS EFSTRATIS; ELEFTHERIOS D. EFSTRATIS; PATRICIA E. EFSTRATIS; JESSICA N. EFSTRATIS; THOMAS A. JOHNSON; NORA E. RUNDELL,

        Plaintiffs,

   v.

AMERUS LIFE INSURANCE COMPANY OF IOWA; AVIVA LIFE AND ANNUITY COMPANY f/k/a AMERUS LIFE INSURANCE COMPANY, a corporation; RAYMOND F. OLMO, an individual, R.F. OLMO & ASSOCIATES, INC., a corporation; MARSHALL KATZMAN, an individual; UNITED FINANCIAL GROUP, LTD, a corporation; DAVID ZUCCOLOTTO; and DOES 1 through 100, inclusive,

        Defendants.
_____/

NO. CIV. S-11-2489 LKK/DAD

O R D E R

The U.S. Judicial Panel on Multidistrict Litigation ("JPML") has conditionally transferred this case to the U.S. District Court

for the Northern District of Texas (Boyle, J.). <u>In re Indianapolis Life Ins. Co. IRS § 412 and § 419 Plans Life Ins. Marketing Litigation</u>, MDL No. 1983 (J.P.M.L. November 10, 2011)(Dkt. No. 1). Plaintiff has filed an opposition to the transfer which, if timely (as it appears to be), would stay the conditional transfer order. <u>See</u> Dkt. No. 39 (November 17, 2011).

Pursuant to the JPML rules, the conditional JPML transfer order

> does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.

J.P.M.L. Rule 2.1(c). However, the district court may stay proceedings in the case in the interests of judicial economy. <u>See</u> <u>Nichols v. DePuy Orthopaedics, Inc.</u>, 2011 WL 5335619 at *3 (N.D. Cal. November 2, 2011).[1] Specifically, the court may stay proceedings in order to avoid "the needless duplication of work and the possibility of inconsistent rulings" that could occur if the court ruled on the pending motions, including the remand motion. <u>See</u> <u>id.</u>[2] The court notes that the JPML created this multidistrict

---

[1] <u>See also</u>, <u>Paul v. Aviva Life and Annuity Co.</u>, 2009 WL 2244766 (July 27, 2009) (in a case involved in this Multidistrict Litigation, the court stayed all proceedings to conserve judicial resources).

[2] <u>Contra</u>, <u>Stephens v. Kaiser Foundation Health Plan</u>, ___ F. Supp.2d ___, 2011 WL 3652775 (D. Md. August 18, 2011) (deciding remand motion that was filed prior to conditional transfer, and remanding case to state court).

litigation in 2008,[3] and that the transferee court has had the opportunity to familiarize itself with the legal issues involved in these cases.[4]

Accordingly, all proceedings in this case are **STAYED**, and all scheduled dates are **VACATED**. If this case is not ultimately transferred, the parties shall file requests (or a joint request) for a Status Conference within two weeks of the entry of the order denying the transfer.

IT IS SO ORDERED.

DATED: November 23, 2011.

```
                    /s/ Lawrence K. Karlton
                    LAWRENCE K. KARLTON
                    SENIOR JUDGE
                    UNITED STATES DISTRICT COURT
```

---

[3] <u>In re Indianapolis Life Ins. Co. IRS § 412 and § 419 Plans Life Ins. Marketing Litigation</u>, 581 F. Supp.2d 1364 (J.P.M.L. 2008).

[4] <u>See, e.g.</u>, <u>Ricupito v. Indianapolis Life Ins. Co.</u>, 2011 WL 3820970 (N.D. Tex. August 30, 2011) (Boyle, J.) (summary judgment motion); and <u>Hildebrandt v. Indianapolis Life Ins. Co.</u>, 2009 WL 2870024 (N.D. Tex. September 8, 2009) (Boyle, J.) (dismissal motion).

3