UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GENESIS SPECIALTY TILE &
ACCESSORIES, LLC; ELEFTHERIOS
EFSTRATIS; ELEFTHERIOS D.
EFSTRATIS; PATRICIA E.
EFSTRATIS; JESSICA N.
EFSTRATIS; THOMAS A. JOHNSON;
NORA E. RUNDELL,

NO. CIV. S-11-2489 LKK/DAD

        Plaintiffs,

    v.                                    O R D E R

AMERUS LIFE INSURANCE
COMPANY OF IOWA; AVIVA LIFE
AND ANNUITY COMPANY f/k/a
AMERUS LIFE INSURANCE
COMPANY, a corporation;
RAYMOND F. OLMO, an individual,
R.F. OLMO & ASSOCIATES, INC.,
a corporation; MARSHALL
KATZMAN, an individual;
UNITED FINANCIAL GROUP, LTD,
a corporation; DAVID ZUCCOLOTTO;
and DOES 1 through 100,
inclusive,

        Defendants.
_____/

    This action was removed from state court on September 19, 2011.  Plaintiffs move to remand back to state court for lack of

federal subject matter jurisdiction. For the reasons that follow, plaintiffs' remand motion will be granted.

## I.   BACKGROUND

### A.   The Complaint

The Complaint alleges that the individual plaintiffs are the owners and employees of plaintiff Genesis Specialty Tile & Accessories ("GSTA"). Defendants are life insurance salesmen. But instead of selling ordinary life insurance, defendants set out to deceive plaintiffs into thinking that they (defendants) would set up for plaintiffs a "Single Employer Welfare Benefit Plan" ("Plan") that would qualify as such under Internal Revenue Code ("IRC") 419(e), 26 U.S.C. § 419(e), and would be governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, <u>et seq.</u> The scheme was to obtain payments from plaintiffs that would purportedly be used to purchase life insurance policies, and those funds would be administered by a trust to be created by defendants.

The complaint further alleges that defendants lured plaintiffs into the scheme by falsely assuring them, among other things, that their payments would be tax deductible under IRC § 419(e). Defendants kept plaintiffs in the scheme, and kept the premiums coming, by fraudulently concealing the true nature of the scheme plaintiffs had bought into. In fact, defendants were simply insurance salesmen who pretended to be selling ERISA-covered Plans in order to "facilitate the sale of life insurance policies which would generate exorbitant commissions."

As relief, plaintiffs want the insurance contracts rescinded and they want their premiums refunded. They do not seek to enforce the scheme in any way, they do not seek to collect benefits under the scheme, they do not claim that defendants violated ERISA or the terms of the scheme in any way. They just want out of their contracts.

**B.   Removal**

Defendants removed the action to federal district court, alleging that plaintiffs' claims "are completely preempted by Section 502(a) of ERISA, 29 U.S.C. § 1132(a).[1] In defendants' view, plaintiffs are participants in an ERISA plan administered by defendants, and are simply complaining about "the design, sale, funding, and administration" of the Plan, and about "excessive charges" imposed by the Plan. Such issues, defendants argue, are within the scope of the civil enforcement provisions of ERISA, Section 502(a), 11 U.S.C. § 1132(a). In that case, say defendants, the matter is preempted by Section 502(a), and federal jurisdiction lies.

Plaintiffs have moved for a remand back to state court, saying that their complaint is not preemption by Section 502(a). They agree that Section 502(a) preemption exists only when their lawsuit is within the scope of the civil enforcement provisions of ERISA.

---

[1] Defendants also say there is bankruptcy jurisdiction since two of the plaintiffs and one of the defendants have filed for bankruptcy. However, the bankruptcy cases are now concluded, and do not provide a basis for removal under 28 U.S.C. § 1452(a). The court grants plaintiffs' Request for Judicial Notice of these bankruptcy proceedings (Dkt. No. 57).

3

1  However, they say that their lawsuit is not within its scope.

**C.   Multidistrict Litigation**

The action was briefly stayed while the Panel on Multidistrict Litigation (MDL Panel) determined whether this case should become part of a multidistrict litigation, <u>In re Indianapolis Life Ins. Co. IRS § 412(i) and § 419 Plans Life Ins. Marketing Litigation</u>, MDL No. 1983 (J.P.M.L. November 10, 2011).  Ultimately the MDL Panel determined that the case should not be a part of the multidistrict litigation, and returned the matter to this court. <u>See</u> Dkt. No. 43.

**II.   REMOVAL JURISDICTION STANDARD**

Defendants bear the burden of establishing the existence of removal jurisdiction:

> The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and that the court resolves all ambiguity in favor of remand to state court.

<u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042 (9th Cir. 2009), <u>quoting</u> <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

**III. ANALYSIS**

Defendants premise removal, and federal jurisdiction, on the principle of preemption under Section 502(a) of ERISA, 28 U.S.C.

////

////

4

§ 1132(a) ("502(a) Preemption").[2]  The basic enforcement section provides:

> A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C.A. § 1132(a)(1)(B).  However, other enforcement provisions of ERISA's Section 502(a) include actions for breach of fiduciary duties, and actions arising from violations of ERISA or the Plan.[3] Paulsen v. CNF Inc., 559 F.3d 1061, 1084 (9th Cir. 2009) (summarizing some of the enforcement provisions), cert. denied, 558 U.S. ___, 130 S. Ct. 1053 (2010).

Ordinarily, a state court action cannot be removed to federal court on the basis of a federal preemption defense.[4]  However, in

---

[2] This preemption is also variously referred to in the cases as "complete preemption" and "conflict preemption." See Fossen v. Blue Cross and Blue Shield of Montana, Inc., 660 F.3d 1102 (9th Cir. 2011) (using both terms to refer to Section 502(a) preemption), petition for cert. filed, 80 U.S.L.W. 3566 (U.S. Mar. 21, 2012) (No. 11-1155).

[3] See 29 U.S.C. § 1132(a)(1)(A) (action against administrator for failure to provide requested information); (a)(2) (action against fiduciary for breach of duties created by ERISA); (a)(3), (a)(4) & (a)(9) (actions arising out of violations of ERISA itself or of a Plan under ERISA).

[4] "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit.  As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law"), citing

5

ERISA's case, "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (finding Section 502(a) to be comparable, for these purposes, to Section 301 of the Labor Management Relations Act of 1947).  Thus, even if the complaint "purports to raise only state law claims," if it is within the scope of Section 502(a), it "is necessarily federal in character" and is therefore removable to federal court by the defendants.  Id., 481 U.S. at 66-67.

In the Ninth Circuit, a state-law cause of action is preempted by Section 502(a), and therefore removable to federal court if (but only if):

> (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions."

Marin General Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 946 (9th Cir. 2009), quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004).[5]  Both prongs of this test must be satisfied in

---

Franchise Tax Board v. Construction Laborers, 463 U.S. 1 (1983) and Gully v. First National Bank, 299 U.S. 109 (1936).

[5]   Although Marin specifies Section 502(a)(1)(B) as the enforcement provision that must be involved, later Ninth Circuit cases have clarified that Section 502(a) preemption will occur if the purported state claim is within the scope of any of ERISA's enforcement provisions.  See Fossen, 660 F.3d at 1109 ("The complete preemption doctrine applies to the other subparts of § 502(a) as well," and finding preemption where an ERISA claim could

6

order for Section 502(a) preemption to apply. <u>Fossen v. Blue Cross and Blue Shield of Montana, Inc.</u>, 660 F.3d 1102, 1108 (9th Cir. 2011) ("Because this 'two-prong test ... is in the conjunctive[,] [a] state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied'"), <u>quoting</u> <u>Marin</u>, 581 F.3d at 947.

### A. Can Plaintiffs Sue Under 502(a)?

Defendants do not dispute that claims that are predicated upon pre-plan fraud are not preempted by ERISA. <u>See</u> Dkt. No. 36 at p.21. They argue that their Notice of Removal was not based upon such claims, but upon the post-plan allegations. The problem for defendants is that <u>all</u> the causes of action in plaintiffs' complaint are based upon pre-plan fraud. The complaint does contain allegations of bad conduct that occurred after the plan was formed, but all the causes of action seek relief based upon the fraud that occurred before the plan was created, and that induced plaintiffs to contribute to the plan in the first place.[6]

First, the complaint alleges "fraudulent misrepresentation,"

---

have been brought under Section 502(a)(3)); <u>Paulsen</u>, 559 F.3d at 1084-85 (finding no preemption after considering whether the state claim was within the scope of <u>any</u> of ERISA's enforcement provisions).

[6] Plaintiffs have arguably over-pled their case by including allegations of post-plan conduct, or perhaps they are guilty of wishing to tell the complete story (as they see it). At oral argument, defendants focused on Paragraph 26, saying that it alleges wrong-doing by defendants post-plan. That may be, but those allegations do not form the basis of plaintiffs' causes of action. The court does not view Section 502(a) preemption as a game of "gotcha," where any mention of post-plan conduct gets an entire lawsuit removed to federal court.

7

in that defendants fraudulently induced plaintiffs to let defendants set up a welfare benefit plan for them.  Second, it alleges "negligent representation," in that defendants lied to plaintiffs about what the plan would entail and its alleged tax benefits.  Third, it alleges fraudulent concealment, in that defendants failed to tell plaintiffs that the plan lacked tax advantages, and that the tax authorities were scrutinizing "tax-avoidance" schemes like the one proposed.  Fourth and Eighth, it alleges "professional negligence" and "breach of fiduciary duty," in that defendants, insurance salesmen, breached their (alleged) duties as insurance salesmen to plaintiffs in selling them the insurance policies.[7]  Ninth, it alleges "common counts" for money had and received because of the fraudulent representations and concealment.[8]

The one claim that possibly alleges post-plan conduct is the Tenth.  It alleges breach of the covenant of good faith and fair dealing that arose after the insurance contracts "because of the insurance relationship."  Even if this is post-plan conduct, however, it is not within the scope of the civil enforcement provisions of ERISA.  Plaintiffs still do not seek any benefits under the plan, they do not ask for enforcement of the plan, they

---

[7] The court expresses no view on whether life insurance salesmen are fiduciaries under California law.  That will be for the state court to determine after remand.  The point here, is that the fiduciary duty allegedly arises out of California law, and not out of any fiduciary duty arising under ERISA.

[8] "Claims" 5-7 are for rescission, restitution and constructive trust.

1 do not claim that defendants violated ERISA or the Plan, they do
2 not claim that defendants did not furnish documents required by
3 ERISA.  There simply is nothing these plaintiffs want from ERISA.
4 They just want out of a scheme they say they were fraudulently
5 induced to enter into.

### B.   The ERISA Civil Enforcement Provisions

Even if plaintiffs' claims were predicated upon post-plan conduct however, the complaint is simply not within the enforcement provisions of ERISA, as set out below.

#### 1.   Section 502(a)(1)(B)

Section Section 502(a)(1)(B) provides plan beneficiaries with a private right of action to recover benefits under the Plan, to enforce their rights under the terms of the plan, or to clarify their rights to future benefits under the terms of the plan. Plaintiffs' claims are not within the scope of this provision. They do not seek benefits, or to enforce or clarify any provision of the Plan, they simply want out of it because they say they were fraudulently induced to enter into the contracts in the first place.

#### 2.   Section 502(a)(2)

This provision creates a right to sue if a fiduciary under the Plan "breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries <u>by this subchapter</u>."  29 U.S.C. § 1132(a)(2) (right of action for violation of 29 U.S.C. § 1109). Plaintiffs here do have a claim for breach of fiduciary duty.  But it is for breach of the alleged fiduciary duty owed by sellers of

life insurance, not the duty imposed on fiduciaries under ERISA.

### 3.   Section 502(a)(3), (a)(4) & (a)(9)

These provisions create a right to sue for conduct that constitutes a violation of ERISA, including failure to furnish statements to participants under of 29 U.S.C. § 1025(c), and other violations. Plaintiffs do not allege any such violation of ERISA. And, the law violations they do allege are not covered by ERISA. They are simple fraud-in-the-inducement violations of common law.

### C.   Post *Davila* Ninth Circuit ERISA Cases

Prior to the Supreme Court decision in <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 209 (2004), the Ninth Circuit rule had been that Section 502(a) preemption required that "ERISA expressly preempts the state law cause of action under 29 U.S.C. § 1144(a) [Section 514(a) preemption]," and in addition, the cause of action must be "encompassed by the scope of the civil enforcement provision of ERISA." <u>Fossen</u>, 660 F.3d at 1112. The first part of the test is no longer the law in the Ninth Circuit as a result of <u>Davila</u>. <u>Id.</u> It has been replaced by a requirement that there be "no other independent legal duty that is implicated by a defendant's actions." <u>Id.</u>, 660 F.3d at 1108. Accordingly, although pre-<u>Davila</u> cases may possibly still be relevant (especially if they relied only on the requirement that the claim be "encompassed by the scope of civil enforcement provisions of ERISA"), the court summarizes only post-<u>Davila</u> Ninth Circuit ERISA cases that appear to touch upon the issues facing the court.
////

10

**1.  Fossen**

In Fossen v. Blue Cross and Blue Shield of Montana, Inc., 660 F.3d 1102, 1108 (9th Cir. 2011), plaintiffs were employers who had purchased health insurance for their workers.  They sued Blue Cross Blue Shield, which had raised their premium payments in a way that was prohibited by a Montana Law (its "Little HIPAA").  The Ninth Circuit found that plaintiffs could have sued under ERISA Section 502(a)(3)(A), which also prohibits the type of discriminatory premium pricing prohibited by Montana law.  Since the lawsuit was within the civil enforcement provisions of Section 502(a), the Ninth Circuit found that 502(a) preemption existed, and the case was properly removed to federal court.

Fossen does not help defendants because they have identified no enforcement provision of ERISA that would cover plaintiffs' claims.  Plaintiffs were fraudulently induced to participate in this scheme, they say, and now they are suing to get out of it entirely, not to enforce it or get benefits out of it. Defendants' argument seems to be that once they have fraudulently induced plaintiffs into signing these contracts, plaintiffs are then stuck with the remedies provided by ERISA, even though ERISA apparently provides no remedy for the state claims they are asserting.[9]

---

[9] "Express preemption" is yet another form of preemption implicated in cases that purportedly involve ERISA.  This is a form of preemption created by Section 514(a) of ERISA, 11 U.S.C. § 1144(a), and is distinct from Section 502(a) preemption ("complete" or "conflict" preemption).  Section 514(a) provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of

11

**2.   Marin**

In Marin General Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 949 (9th Cir. 2009), plaintiff hospital called the patient's ERISA insurer and reached an oral contract that the hospital would be reimbursed for 90% of the costs of the patient's care.  When the insurer got the bill for $178,926.54, it paid the hospital $46,655.14 – apparently the amount called for by the patient's ERISA plan – and said it would pay no more.  The hospital sued in state court for the remainder, and the insurer removed to federal court, asserting Section 502(a) preemption.

The Ninth Circuit found that there was no Section 502(a) preemption.  The hospital was not suing for benefits under ERISA, or for any violation of ERISA.  It was suing under a separate oral

---

> this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a).  Where it applies, Section 514(a) preemption defeats the state claims asserted.  Fossen, 660 F.3d at 1107 ("All of these preemption provisions [Sections 502(a), 514(a), and a HIPAA preemption provision] defeat state-law causes of action on the merits").  Unlike Section 502(a) preemption, however, Section 514(a) preemption does not also confer federal subject matter jurisdiction, even where it applies.  Marin, 581 F.3d at 945 ("preemption under § 514(a) of ERISA, is an insufficient basis for original federal question jurisdiction under § 1331(a) and removal jurisdiction under § 1441(a)"); Fossen, 660 F.3d at 1107 ("Conflict preemption under ERISA § 502(a), however, also confers federal subject matter jurisdiction for claims that nominally arise under state law").
 Once this court has determined that there is no federal subject matter jurisdiction in a removed action, the correct course is to remand so that defendants "may assert in state court" Section 514(a) preemption arguments, "as well as any other defenses they might have."  Marin, 581 F.3d at 951.

12

contract – expressly outside of the ERISA plan – for reimbursement of 90% of the hospital costs. The hospital claimed no right to payment under ERISA, and did not claim any violation of ERISA, breach of any ERISA duty, or anything else regarding ERISA. They just wanted their money under the contract they made by telephone with the insurer. As the court concluded:

> the Hospital's state-law claims based on its alleged oral contract with MBAMD were not brought, and could not have been brought, under § 502(a)(1)(B). Therefore, the Hospital's state-law claims do not satisfy the first prong of Davila.

Marin, 581 F.3d at 949.

The plaintiffs in this case similarly do not base their claim on any obligation arising out the ERISA plan or the ERISA law. Rather, they say they would never have had anything to do with defendants' scheme, but for the fraudulent inducement. They are not trying to collect benefits, clarify their rights under the insurance contracts or the scheme generally, establish that defendants violated a provision of ERISA, or anything else having to do with ERISA. They just want out of the contracts they were fraudulently induced to participate in. Defendants have not identified a provision of ERISA that covers such a claim.

### 3. Cleghorn

In Cleghorn v. Blue Shield of California, 408 F.3d 1222, 1226 (9th Cir. 2005), "the factual basis of the complaint ... was the denial of reimbursement of plan benefits" under the ERISA plan.

None of plaintiffs' "artful pleading" could get around that simple fact, so the matter was subject to Section 502(a) preemption, and thus properly removed to federal court. This case clearly does not apply to these plaintiffs, as they do not claim denial of benefits under the plan, nor do they seek benefits under the plan.

**4. Paulsen**

In Paulsen v. CNF Inc., 559 F.3d 1061 (9th Cir. 2009), an accounting firm negligently valued a spun-off company, which went bankrupt. The employees then received reduced benefits on the under-funded ERISA plan from the government guarantee agency, the Pension Benefit Guaranty Corporation. The employees sued the accountants for negligence. The Ninth Circuit held that their claim was not preempted by Section 502(a), because:

> The Employees are suing Towers Perrin for tort damages payable to the class of aggrieved plaintiffs based on a duty owed them by Towers Perrin under state law, not for damages for breach of fiduciary duty payable to the plan (and thus PBGC).

Paulsen, 559 F.3d at 1085. This case is applicable to this Complaint, since it is another case in which plaintiffs do not sue under the ERISA enforcement provisions, but under separate, state causes of action.[10]

////

---

[10] Nor is there "artful pleading," since in both cases, the claims asserted really do not arise under the ERISA enforcement provisions. There is no federal character to either lawsuit.

14

**B.    Bankruptcy Jurisdiction**

There were bankruptcies on both sides of this case that were still pending as of the date of the parties' last briefs. However, both bankruptcy cases have issued discharges and are now closed (or about to close), so this basis for removal jurisdiction, 28 U.S.C. § 1452(a), does not exist, if it ever did. See  See In re Eleftherios Efstratis, Bankr. No. 10-50339, Dkt. No. 152 (Bankr. E.D. Cal. March 30, 2012) (discharge); In re Raymond Francis Olmo, Jr., Bankr. No. 9-39868, Dkt. No. 165 & 166 (Bankr. E.D. Cal. February 2 & 28, 2012) (discharge and case closing).

**IV.    CONCLUSION**

Plaintiffs' claims are state law claims that are not within the scope of the enforcement provisions of Section 502(a) of ERISA. The bankruptcy cases involving two plaintiffs and a defendant are now closed. There is no other basis asserted for federal jurisdiction. Accordingly, the court orders as follows:

1. Plaintiffs' motion to remand this case to state court (Dkt. No. 14), is **GRANTED**, for lack of federal subject matter jurisdiction;

2. In light of the absence of federal subject matter jurisdiction, the court will not address defendants' motions to dismiss (Dkt. Nos. 8, 17, 18 and 19).

IT IS SO ORDERED.

DATED: April 9, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

15